**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK L. McCANN,

      Petitioner,                      Civil No. 05-CV-72556-DT
                                             HONORABLE GEORGE CARAM STEEH
v.                                      UNITED STATES DISTRICT JUDGE

J. TROMBLEY,

      Respondent,
_____/

**ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**

Before the Court is habeas petitioner Patrick L. McCann's motion for the appointment of counsel for his habeas petition filed pursuant to 28 U.S.C. § 2254. Respondent has yet to file a substantive answer to the habeas petition. In support of the motion for appointment of counsel, petitioner alleges that:(1) the issues raised in his petition require him to argue not only the unconstitutionality of his conviction, but also the erroneous State procedural bars used to deny him relief, (2) his inexperience in the law, together with time constraints, prevent him from properly litigating the issues, (3) petitioner is indigent and cannot afford to hire an attorney.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002); *Tapia v. Lemaster*, 172 F. 3d 1193, 1196 (10th Cir. 1999). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual

cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a petition for writ of habeas corpus, in which he raises seven claims. Petitioner has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel without prejudice. The Court will reconsider petitioner's motion if, following receipt of the responsive pleadings and Rule 5 materials, the court determines that appointment of

counsel is necessary.

## ORDER

Based upon the foregoing, the motion for appointment of counsel is **DENIED.**


                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated: August 15, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 15, 2005, by electronic and/or ordinary mail.

                                        s/Josephine Chaffee
                                        Secretary/Deputy Clerk