UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK L. MCCANN,

        Petitioner,

vs.

Case No. 05-CV-72556-DT
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

J. TROMBLEY.

        Respondent.
_____/

## ORDER ACCEPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc # 24), AND ORDERING THE DENIAL OF PETITIONERS APPLICATION FOR A WRIT OF HABEAS CORPUS

Petitioner, an inmate at the St. Louis Correctional facility, St. Louis MI, comes before the Court *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. 2241. His current detention is the result of having pled guilty in Midland County Circuit Court for the State of Michigan to assault with intent to rob while armed, MICH. COMP. LAWS § 750.89; and unarmed robbery, MICH. COMP. LAWS § 750.30. He was also sentenced as a habitual offender pursuant to MICH. COMP. LAWS § 769.12. Petitioner challenges his incarceration on the grounds that:

    1.    Petitioner was forced into an illusory guilty plea by incorrect sentencing guidelines, lies from his attorney, and the threat of a life sentence.

2. Petitioner was induced to plead guilty by the use of a coerced confession. The confession was obtained through threats and lies.

3. Petitioner was induced to plead guilty by the use of evidence which was illegally obtained by the police.

4. Petitioner was not notified of the charges for which he was to defend against. Trial court had no jurisdiction to try or convict him.

5. Trial court violated Petitioner's due process rights and lost jurisdiction to try him when he was not tried within 90 days of the order denying bond.

6. Trial court violated Petitioner's due process rights when it sentenced him as a habitual offender without notifying him of the intent to enhance the sentence. Trial court had no jurisdiction to charge Petitioner as a habitual offender.

7. Petitioner was denied effective assistance of counsel.

The case was assigned to a Magistrate Judge, the Honorable Paul J. Komives, for a report and recommendation as provided for by 28 U.S.C. § 636(b)(1). Before the Court is the Magistrate's report and recommendation, filed December 22, 2006, that the Petitioner's application for a writ of habeas corpus be denied. Petitioner filed for, and was granted, an extension of time to file objections to the recommendation. For the following reasons, the Court rejects Petitioner's objections and adopts the Magistrate's recommendation that Petitioner's request for a writ of habeas corpus be denied.

I. **Standard of Review**

When one of the parties objects to a section of a Magistrate's report and recommendation, the district court undertakes a *de novo* review of that section and the

objections. 28 U.S.C. 636(b)(1).

I.      **Factual Background**

Petitioner's conviction stems from a guilty plea in state court. Prior to trial, Petitioner moved to suppress both his confession to the police and the fruits of a search conducted by the police. Both of these motions were denied by the trial court. On the date scheduled for trial, the parties informed the court that they had reached a plea agreement, pursuant to which Petitioner would plead guilty to the assault with intent to commit armed robbery and unarmed robbery charges, in exchange for an agreement that his minimum sentence would be capped at 210 months and his maximum sentence would be capped at 315 months (see Rearraignment Tr., at 3:8-13). The prosecutor also agreed that an armed robbery count which was originally charged would be dismissed. After the deal was negotiated, it was decided that this count would be dropped regardless of whether Petitioner pled guilty (id. at 2:18-24). The trial court accepted the Petitioner's pleas, concluding that they had been freely and voluntarily made (id. at 15:16-16:3). Prior to sentencing, Petitioner moved to withdraw his pleas. The trial court denied the motion, concluding that the transcript of the plea hearing evidenced that Petitioner understood the plea agreement and that his plea was voluntary (see Ruling on Def.'s Mot. to Withdraw Plea Tr., at 9:25-12:22).

## II. Objections to Procedural History Section

Petitioner first objects to the Magistrate's finding in the report and recommendation that he pled to being a habitual defender. However, it is clear that during his plea hearing he did indeed plead facts sufficient to support the designation as a habitual offender by answering in the affirmative when questioned about his past criminal history (Rearraignment Tr. 14:1 -15:15). Petitioner also objects to what he feels is an omission on the Magistrate's part in failing to state that another reason he wished to withdraw his plea was to preserve his right to appeal the admission of his confession and the results of the police search. His objection is duly noted although it has little effect on the consideration of his other objections.[1]

## III. Guilty Pleas Generally

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 748-49 (1970); King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be voluntary, that the defendant be informed of all direct consequences of his plea. See Brady, 397 U.S. at 755; King, 17 F.3d at 153.

Once entered, a solemn declaration of guilt by the defendant carries a presumption of truthfulness. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Henderson v. Morgan, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, *as are*

---

[1]. It is also noted that the Petitioner was well aware that he was giving up his right to appeal these issues at the time he entered his plea (Rearraignment Tr. at 7:15-8:3).

*contentions that in the face of the record are wholly incredible.*" Blackledge, 431 U.S. at 74 (emphasis added). Where the defendant "was fully aware of the likely consequences when he pled guilty[,] it is not unfair to expect him to live with those consequences[.]"

A guilty plea also prevents a petitioner from challenging the evidence, or his confession, collaterally. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). The Supreme Court explained that:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. Thus, "[i]t is well settled that an unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005). A generally recognized exception to the preclusion rule is that ineffective assistance of counsel claims are not waived to the extent that they are alleged to have rendered the guilty plea involuntary. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Russell v Pitcher, 2000 WL 1769568, at *3 (E.D. Mich. Oct. 24, 2000).

## IV. Objections to Plea Validity Clams Section (Claims I-III, and VII)

### A. Regarding Illusory Plea (claim I)

Petitioner's objections to the Magistrate's recommendation consist mostly of reasserting his position. He suggests again that his plea bargain was indeed illusory for a variety of other reasons, which while not dealt with individually in the report and

recommendation are all without merit. His four objections are;

1. During plea negotiations the charge of armed robbery was still a factor facing the Petitioner even though the charge was going to be dropped regardless of whether he pled guilty.

2. Counsel never informed Petitioner that a guilty plea would waive the right to appellate review and this created the illusion that the Petitioner would be afforded appellate review.

3. The incorrect sentencing guidelines were used during plea negotiations leading to a belief that he was facing a longer sentence than he was.

4. He pled guilty only to avoid the imposition of a longer sentence.[2]

Petitioner did not list these reasons in his prior briefs, and so it cannot be considered an error on the part of the Magistrate not to have considered them. Regardless, they are all without merit. Petitioner was informed by the trial court that the armed robbery charge was going to be dropped regardless of his plea (Rearraignment Tr. at 4:10-5:1), that by pleading guilty he would waive his right to appeal (id. at 7:15-8:3), and the correct guidelines he would face if he plead guilty or if he was convicted (id. at 5:2-6:5). Petitioner's final objection, is that he only pled guilty to avoid the risk of a longer sentence. The Supreme Court has ruled that fear of a longer sentence does not render a guilty plea invalid. Chaffin v Stynchcombe, 411 U.S. 17, 31 (1976). "While confronting the defendant with the risk of more severe punishment may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of

---

[2]. It is unclear from one of Petitioner's objections whether he is claiming that the incorrect guidelines were used by the prosecutor to convince him to plead guilty, or whether he simply claims that he pled guilty to avoid a longer sentence (see Def. Objections to Report & Recommendation at 3-4). The Court therefore considers, and rejects, both arguments.

these difficult choices [is] an inevitable -and permissible- attribute of any legitimate system which tolerates and encourages the negotiation of pleas." Id. None of Petitioner's objections on this issue have any merit, and so are overruled.

### B. Regarding Coerced Plea (claims II and III)

Again, most of Petitioner's objection to this section does nothing more than repeat that he was indeed coerced through the use of illegally obtained evidence. At the plea hearing, Petitioner stated under oath that he had not been coerced into pleading guilty (Rearraignment Tr. at 8:23-9:13). Thus, he cannot now simply do an about face and claim that he was coerced. See Blackledge, 431 U.S. at 74. Also, Petitioner's guilty plea acts as a waiver of any constitutional claims he may have had arising prior to his plea. See Tollett, 411 U.S. at 267; Lopez-Armenta, 400 F.3d at 1175. Thus, his guilty plea prevents any collateral challenge to the voluntariness of his confession. See United States v. Wright, 873 F.2d 437, 442 (1st Cir. 1989); Rogers v. Maggio, 714 F.2d 35, 38 (5th Cir. 1983); United States v. Montoya-Robles, 935 F. Supp 1196, 1204 n.5 (D. Utah 1996). Petitioner's illegal search claims are likewise precluded. See United States v. Martinez-Orozco, 52 Fed. Appx. 790, 792 (6th Cir. 2002). Therefore, Petitioner's objections to this section are without merit and must be overruled.

### C. Ineffective Counsel and Voluntariness of Plea (claim VII)

Petitioner objects to the Magistrate's recommendation on the issue of the voluntariness of his plea by contending that the adverse suppression rulings reduced his attorney's commitment to helping him and this 'coerced' Petitioner into pleading guilty. This objection must be rejected. It is Petitioner's contention that his plea should not be

considered voluntary because he was afraid to proceed to trial with counsel that was, in Petitioner's opinion, ill prepared and ineffective. However, at the time of his guilty plea defendant never raised any claim that he was afraid to go to trial for this reason.

In cases where ineffective assistance of counsel rendered a plea involuntary through lack of information, or some other mistake, it is possible that a defendant may not realize that he has received ineffective assistance of counsel until after he has been convicted. In this case, Petitioner claims that his attorney's competence affected the voluntariness of his plea because he was afraid to proceed to trial with the attorney he had at the time. For Petitioner's claim to be true he would need to have been fully aware that the assistance he was receiving was ineffective at the time he entered his plea, and so would have been fully capable of making his position known during the plea hearing. Instead, Petitioner indicated that he was pleading guilty voluntarily, and because he was in fact guilty (Rearraignment Tr. at 8:16 - 9:9). Petitioner's current assertions that his attorney's competence influenced him to plead guilty are contradicted by the record, and so they must be rejected. See Blackledge, 431 U.S. at 74; United States v. Torres, 129 F.3d 710, 715 (2nd Cir. 1997) (court did not commit error in denying defendant's motion to withdraw plea where his allegations of coercion were belied by his statements at the plea hearing); Jones v. Page, 76 F.3d 831, 845 (7th Cir. 1996) (habeas relief not warranted where Petitioner "made two clear and unequivocal statements at the plea hearing which belie the claim he is not making that he was pressured or coerced into pleading guilty."). Petitioner's contention that his guilty plea was involuntary because it was made out of fear of the inefficient assistance of counsel he was receiving is overruled.

**V.     Objections to Jurisdiction Related Claims Section (claims IV-VI)**

The Magistrate correctly determined that Petitioner's jurisdiction claims are not cognizable as habeas claims. However, Petitioner's objection is also correct in asserting that these same claims also constitute 14th Amendment procedural due process claims[3] which are subject to review under habeas law. Although Petitioner's objection is correct in principle, these claims must still be rejected because they are precluded by Petitioner's guilty plea. As the Court has already discussed, a criminal defendant who has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to his guilty plea. Tollett, 411 U.S. at 267; Lopez-Armenta, 400 F.3d at 1175. In this case it is undisputed that Petitioner entered a guilty plea. All of his potential due process claims arose prior to his guilty plea. Accordingly, all such claims have been waived by the plea.

**VI.    Objections to Remaining Assistance of Counsel Claims Section (claim VII)**

Petitioner's objections regarding the Magistrate's findings on the remaining assistance of counsel claims must be overruled. Effective assistance of counsel claims are precluded by his guilty plea. See Tollett, 411 U.S. at 267; Lopez-Armenta, 400 F.3d at 1175. Except, to the extent that the claim relates to the validity of Petitioner's plea. See Glinsey, 209 F.3d at 392; Russell 2000 WL 1769568. The issue of how the effectiveness of his counsel might have affected the voluntary nature of his plea has already been dealt with. The remaining objections are simply Petitioner re-hashing

---

[3].    Petitioner expressly disavows any speedy trial issue based on claim V (Pet'r Reply to Resp't Br. in Opp'n at 17).

previous assertions that he had made regarding the actions of his counsel. At no point has Petitioner provided any material which would call into question the Magistrate's recommendation.

## VI. Conclusion

This Court concludes that all of Petitioner's objections must be rejected. His claims to the effect that his plea was in some way involuntary, uninformed, or illusory, are without merit as they are all plainly contradicted by the record and current law as determined by the Supreme Court. The Court need not consider any of his jurisdictional claims as these are unreviewable matters of state law. Finally, Petitioner's remaining constitutional claims all arise prior to his guilty plea. According to law they are waived by that same plea. For the preceding reasons, this Court accepts in part and modifies in part the recommendation of the Magistrate, and denies Petitioner's request for a writ of habeas corpus.

IT IS SO ORDERED.

Dated: August 10, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 10, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---